UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARLA DICKERSON                                    CIVIL ACTION

VERSUS                                             NO. 15-36-JWD-EWD

TURNING POINT SOLUTIONS,
LLC, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 23, 2016.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARLA DICKERSON**                                              **CIVIL ACTION**

**VERSUS**                                                              **NO. 15-36-JWD-EWD**

**TURNING POINT SOLUTIONS,
LLC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court previously issued an Order to Show Cause requiring the plaintiff to show cause why her claims against the defendants should not be dismissed pursuant to Rule 4(m) for failure to serve the defendants. R. Doc. 9   The Order required a written response by July 24, 2015 and stated, "**[f]ailure to comply with this Order may result in dismissal of plaintiff's claims against the defendants without further notice.**" (Emphasis in original)   According to the record no written response has been filed, nor has the plaintiff taken any action in this case since entry of the Order.

Plaintiff filed a Complaint in this matter on January 27, 2015.   R. Doc. 1   Summons was issued as to defendants, Samuel Galbo, Turning Point Solutions, LLC, and Western Insurance Company on February 6, 2015.   R. Docs. 4 & 6   A 90 Day Conference Order (R. Doc. 7) was issued on February 27, 2015 setting a scheduling conference for May 7, 2015 at 9:00 a.m and required the parties to file a joint Status Report by April 23, 2015. According to the court's Scheduling Conference Report, entered May 7, 2015, the scheduling conference was deferred because plaintiff did not file the required Status Report, nor did plaintiff or her counsel appear for the scheduling conference or contact the court to advise they would not be appearing.   R. Doc. 8   The Scheduling Conference Report went on to state, "case will be reviewed after the time to serve

the defendants, as provided by Rule 4(m), Fed.R.Civ.P., has expired to determine whether the complaint should be dismissed for failure to serve the defendants." Despite the notice, plaintiff failed to file any indication in the record that defendants were served. Therefore, when the record was reviewed again, Magistrate Judge Stephen C. Riedlinger issued the above-referenced Order to Show Cause (R. Doc. 9) requiring the plaintiff to show cause in writing why her claims should not be dismissed, which plaintiff also failed to do.

Rule 4(m) of the Federal Rules of Civil Procedure states:

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).[1]

In this instance, the court notified counsel for plaintiff on two occasions that defendants must be timely served or her claims might be dismissed. On both occasions, plaintiff failed to respond in any way. The plaintiff has neither established that defendants were timely served, nor has the plaintiff shown good cause if the defendants were not served. Therefore, the court finds that it must recommend this matter be dismissed without prejudice for failure of the plaintiff to time serve the defendants.

---

[1] Prior to December 1, 2015, Rule 4(m) provided that a plaintiff had 120 days to serve a defendant after filing the complaint. The plain language of the Supreme Court's order that accompanied the transmittal of the most recent proposed changes to the Federal Rules of Civil Procedure to Congress states that the new rules "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Courts have generally found that it is "just or practicable" to apply the new rules in all cases as soon as they are promulgated and typically apply the new rules unless doing so would "work a manifest injustice" or prejudice one or both parties. Here, regardless of whether the 90-day or 120-day rule is applied, there is no indication defendants were timely served as more than a year has passed since the Complaint was filed.

## **RECOMMENDATION**

It is recommended that this matter be dismissed without prejudice for failure of the plaintiff to timely serve the defendants in the manner required by Rule 4(m), Fed. R. Civ. P.

Signed in Baton Rouge, Louisiana, on February 23, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**